AUGUST T. MAISCH

v.

JACOB HOFFMAN et al.

1. An attachment issued against a vendor after he has conveyed away the land, the deed therefor having been recorded within fifteen days after its delivery, creates no cloud upon the title.

2. The vendor, in such case, cannot forestall the attaching creditor in his contemplated attack upon the title for fraud, by filing a bill to quiet title.

Bill *quia timet.* On final hearing on pleadings and proofs.

*Mr. E. K. Seguine,* for complainant.

*Mr. M. Bretzfeld* and *Mr. Stuhr,* for defendant Hoffman.

THE CHANCELLOR.

The bill states that Charles Nagel conveyed a lot of land in Jersey City to Leopold Maisch, by deed, dated November 21st, 1883, but not recorded until December 5th, 1883; that three days afterwards, the defendant Jacob Hoffman issued an attachment out of the Hudson circuit court against Nagel, and that under it the lot was attached; that Leopold Maisch, December 4th, 1884, conveyed the property to the complainant, and that Nagel was not the owner of the premises when the attachment was issued, but that Leopold Maisch was. The bill further states that the proceedings in the attachment have never been brought to trial, and that the attachment is a cloud on the complainant's title. The defendants are Hoffman and the sheriff. Hoffman by his answer admits the making of the deed by Nagel, and the recording thereof as stated in the bill, and that the statements of the bill as to the issuing of the attachment are true, but he denies that the proceedings in the attachment have not been brought to trial; on the contrary, he says that judgment was entered therein in his favor, November 21st, 1885. He

also states, by way of cross-bill, that the deed from Nagel to Maisch was given for a merely nominal consideration and for the purpose of hindering, delaying and defeating the creditors of the former. Upon the statements of the bill, the attachment has no validity against the complainant's title. The deed from Nagel was recorded within fifteen days from the time when it was delivered. If it was given *bona fide* and for a valuable consideration, the attachment will be of no avail against it. But Hoffman alleges that it was neither given *bona fide* nor for a valuable consideration. If that be established, it matters not that the deed was delivered before the attachment was issued; the attachment will prevail over it. It is not necessary to enter into the consideration of the evidence of fraud adduced in the cause. It is enough to say that upon the statements of the bill, the attachment is not a cloud upon the complainant's title. See *Freeman* v. *Elmendorf, 3 Hal. Ch. 475, 655*. It would seem that Hoffman intends to try the question whether the complainant's title is good against the attachment. That is a question which can be tried in a court of law, and which he has a right to bring to an adjudication there, if he sees fit to do so. His action in bringing the question to trial cannot be forestalled by a bill to remove the attachment from the complainant's land as a cloud upon his title thereto. The bill will be dismissed, with costs.